UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lawyerist Media, LLC,<br><br>                    Plaintiff,<br><br>       v.<br><br>PeerViews Inc.,<br><br>                    Defendant. | Case No. 11 CV 681 (SRN/TNL) |

**PEERVIEWS INC.'S ANSWER AND DEFENSES TO**
**<u>AMENDED COMPLAINT</u>**

Defendant PeerViews Inc. ("PeerViews"), by its undersigned attorneys, answers the Amended Complaint of Plaintiff Lawyerist Media, LLC ("Lawyerist" or "Plaintiff") as set forth below. The Answer's paragraphs are numbered to correspond to the numbered paragraphs of the Amended Complaint. Except as expressly admitted below, PeerViews denies the allegations and characterizations in the Amended Complaint.

**<u>Introduction</u>**

The first paragraph of the Amended Complaint is an introductory paragraph to which no responsive pleading is required. To the extent a response is deemed necessary, PeerViews admits that Lawyerist seeks a declaration of non-infringement and cancellation of PeerViews' federal trademark registrations of SMALLLAW and BIGLAW, but denies that Lawyerist's request for declarations are properly before the

Court because Lawyerist's allegations are either inaccurate or, in total, do not rise to the level of an "actual case or controversy" necessary to invoke declaratory judgment jurisdiction such that the Court does not have subject matter jurisdiction over any of Lawyerist's causes of action. PeerViews denies that its SMALLLAW and BIGLAW trademarks were registered in violation of the Lanham Act, and denies that its SMALLLAW and BIGLAW trademarks for providing online newsletters and publications are generic and descriptive.

## Jurisdiction and Venue

1. Denied.

2. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Amended Complaint as they pertain to Lawyerist and therefore denies the same. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 2 of the Amended Complaint that any potentially infringing use of the SMALLLAW or BIGLAW trademarks has or will occur in Minnesota and therefore denies the same. PeerViews denies that it mailed a letter threatening legal action to Minnesota, directed at a Minnesota entity, with the successful intent of causing an action (or reaction) in Minnesota. The remainder of Paragraph 2 of the Amended Complaint contains legal assertions or conclusions to which no responsive pleading is required but to the extent a response is required, PeerViews denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3. Denied.

## Parties

4. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies the same.

5. Admit.

## Factual Allegations

6. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies the same.

7. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies the same except that to the extent "these terms" means PeerViews' SMALLLAW and BIGLAW trademarks, PeerViews denies that they are generic and denies that they may not operate as a source identifier for providing online newsletters and publications.

8. PeerViews admits that it filed trademark applications to register the marks BIGLAW and SMALLLAW for "providing newsletters for the legal services and business industries in the fields of legal technology, law practice management, legal news, and areas of legal practice via e-mail; providing online publications for the legal services and business industries, namely, blogs and reports in the fields of legal technology, law practice management, legal news, and areas of legal practice" in the

United States Patent and Trademark Office in October 2008.  PeerViews denies the remaining allegations of Paragraph 8 of the Amended Complaint.

9. Admit.

10. PeerViews denies the allegations contained in Paragraph 10 of the Amended Complaint, except that PeerViews admits that it owns Registration No. 3,747,924, for the mark BIGLAW, which is on the Supplemental Register of the United States Patent and Trademark Office.

11. PeerViews admits that Lawyerist operates a website at lawyerist.com, and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies the same.

12. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies the same.

13. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies the same.

14. Admit.

15. Denied.

16. Denied.

17. Paragraph 17 of the Amended Complaint contains legal assertions or conclusions to which no responsive pleading is required.  PeerViews admits that the

words "small" and "law," when used next to one another, may be used descriptively in certain circumstances.

18. Paragraph 18 of the Amended Complaint contains legal assertions or conclusions to which no responsive pleading is required and is also confusing and ambiguous such that PeerViews is without sufficient information or knowledge to admit or deny Paragraph 18 of the Amended Complaint.

19. Denied.

20. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the same.

21. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the same.

22. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the same.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Amended Complaint and therefore denies the same.

29. Paragraph 29 of the Amended Complaint contains legal assertions or conclusions to which no responsive pleading is possible or required. To the extent a responsive pleading is required, PeerViews denies that it engaged in abusive conduct.

30. PeerViews admits that Lawyerist seeks declaratory relief and a cancellation of PeerViews' SMALLLAW and BIGLAW trademark registrations, but denies that Lawyerist's requests are properly before the Court because Lawyerist's allegations are either inaccurate or, in total, do not rise to the level of an "actual case or controversy" necessary to entitle it to seek relief under the Declaratory Judgment Act or to seek to cancel PeerViews' federal trademark registrations. PeerViews denies that it has engaged in any "abusive use" of its BIGLAW and SMALLLAW trademarks.

31. PeerViews admits that Lawyerist demands a trial by jury, but denies that Lawyerist is entitled to one.

**Count 1:**
**Declaratory Relief**

32. PeerViews' responsive pleadings to Paragraphs 1-31 of the Amended Complaint are incorporated herein by reference.

33. Denied.

34. PeerViews is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Amended Complaint and therefore denies the same.

35. Denied.

36. PeerViews admits that Lawyerist seeks a declaration from this Court but denies that its request for a declaration is properly before the Court because Lawyerist's allegations are either inaccurate or, in total, do not rise to the level of an "actual case or controversy" necessary to entitle it to seek relief.

### Count 2:
### Cancellation of SmallLaw Trademark Registration

37. PeerViews' responsive pleadings to Paragraphs 1-36 of the Amended Complaint are incorporated herein by reference.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### Count 3:
### Cancellation of BigLaw Trademark Registration

43. PeerViews' responsive pleadings to Paragraphs 1-42 of the Amended Complaint are incorporated herein by reference.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

### Response to Prayer for Relief

In response to Plaintiff's Prayer For Relief, PeerViews denies that Lawyerist is entitled to any relief whatsoever and requests that the Court enter judgment in PeerViews' favor on all counts and award PeerViews its reasonable costs and attorneys' fees and any further relief as the Court may deem appropriate.

### PEERVIEWS' DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred because there is no subject matter jurisdiction.

3. Plaintiff's allegations are either inaccurate or, in total, do not rise to the level of an "actual case or controversy" necessary to entitle Plaintiff to seek relief under the Declaratory Judgment Act.

4. Plaintiff seeks to obtain an impermissible advisory opinion based upon hypothetical facts.

PeerViews reserves its right to amend its Answer and Defenses with any further response or defense it may discover over the course of this litigation as further information is obtained.

WHEREFORE, PeerViews requests judgment as follows:

(a) That the Amended Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of PeerViews;

(b) That the Court award PeerViews its reasonable attorneys' fees, costs and disbursements; and

(c) That the Court award PeerViews such other and further relief the Court deems just, equitable, and proper.

Dated: August 25, 2011　　　　　　　　　FISH & RICHARDSON P.C.

By: s/ Joel D. Leviton
Joel D. Leviton (MN #0308687)
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696
Leviton@fr.com

Kristen McCallion (NY #4428470)
(Admitted pro hac vice)
601 Lexington Avenue
52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Fax: (212) 258-2291
McCallion@fr.com

Attorneys for Defendant
PeerViews Inc.